# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: ) | |
| ) | **JUDGE RICHARD L. SPEER** |
| Toby Glen Holmes ) | |
| ) | Case No. 08-3113 |
| Debtor(s) ) | |
| ) | (Related Case: 08-31595) |
| Lori Holmes ) | |
| ) | |
| Plaintiff(s) ) | |
| ) | |
| v. ) | |
| ) | |
| Toby Glen Holmes ) | |
| ) | |
| Defendant(s) ) | |

## DECISION AND ORDER

This cause comes before the Court on the Motion of the Plaintiff for Summary Judgment. (Doc. No. 17). The motion was brought based upon the Plaintiff's complaint to except a debt from discharge pursuant to 11 U.S.C. § 523(a)(15). (Doc. No. 1). The Debtor-Defendant, former spouse of the Plaintiff, filed a response to the Motion, objecting to summary judgment. (Doc. No. 22). The Plaintiff then filed a reply to the Debtor-Defendant's response. The Court has now had the opportunity to review all of the arguments and evidence submitted in this case, and finds, for the reasons now explained, that the Motion of the Plaintiff for Summary Judgment should be Granted.

Lori Holmes v. Toby Glen Holmes
Case No. 08-3113

## FACTS

On October 8, 2003, a state court of domestic relations entered a judgment entry for divorce, terminating the marriage between the Debtor-Defendant, Toby Glen Holmes, and the Plaintiff, Lori Holmes (hereinafter the Parties will be referred to as the Plaintiff and the Debtor). The divorce decree incorporated a negotiated agreement wherein the Parties' marital residence, which was titled in both the Debtor's and the Plaintiff's name, was to be immediately listed for sale and sold at a price agreeable to both Parties. Until the sale, the decree provide that the Debtor would have exclusive use of the property and would pay and hold the Plaintiff harmless on current encumbrances on the property.

On August 6, 2004, the domestic relations court entered another judgment entry, incorporating a subsequent stipulation wherein the Debtor agreed he would vacate the marital residence and pay one half of the expenses associated with the residence. On January 23, 2007, the domestic relations court entered a third judgment entry, finding the Debtor in contempt for failing to pay the debt on the marital residence as provided in the judgment entry of August 6, 2004.

## DISCUSSION

This matter is before the Court on Plaintiff's Complaint to Determine Dischargeability. Matters concerning the dischargeability of particular debts are deemed to be core proceedings pursuant to 28 U.S.C. §§ 157(b)(2)(I). And, as a core proceeding, this Court has been conferred with the jurisdictional authority to enter a final order in this matter. 28 U.S.C. § 157(b)(1).

The matter of dischargeability is procedurally before this Court on the Plaintiff's Motion for Summary Judgment. Federal Rule of Civil Procedure 56(c), which is made applicable to this proceeding by Bankruptcy Rule 7056, sets forth the standard for a summary judgment motion and

Page 2

Lori Holmes v. Toby Glen Holmes
Case No. 08-3113

provides, in part: A party will prevail on a motion for summary judgment when "[t]he pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. V. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). With respect to this standard, the movant must demonstrate all the elements of his cause of action. *R.E. Cruise Inc. V. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). In making this determination, the Court is directed to view all the facts in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586-88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

In this matter, the Plaintiff seeks a determination that the obligation(s) the Debtor was required to assume in the Parties' divorce decree are nondischargeable pursuant to 11 U.S.C. 523(a)(15). Section 523(a)(15) excepts from discharge any debt:

> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

This provision was significantly changed with the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, known by the acronym BAPCPA.[1]

Prior to the enactment of BAPCPA, § 523(a)(15) included two affirmative defenses known as (1) the undue burden defense, and (2) the balancing test. If established, these defenses allowed a court to discharge property settlements and/or hold-harmless obligations. However, with the

---

[1] Bankruptcy Abuse Prevention and Consumer Protection Act, effective October 17, 2005. Public Law 109-8, 119 Stat. 23.

Page 3

Lori Holmes v. Toby Glen Holmes
Case No. 08-3113

enactment of BAPCPA, effective for all cases filed on or after October 17, 2005, the affirmative defenses under § 523(a)(15) were deleted and are no longer available to a debtor.

Additionally, prior to the enactment of BAPCPA, a non-debtor spouse had to file an adversary proceeding to have debts of a type listed in paragraph (15) discharged. However, with the enactment of BAPCPA, a non-debtor spouse no longer has an affirmative duty to file an adversary proceeding when seeking to have a nondischargeability determination made pursuant to § 523(a)(15).[2] However, though a non-debtor spouse is no longer required to bring an adversary proceeding to have a dischargeability determination made under § 523(a)(15), a non-debtor spouse is not precluded, as the Plaintiff has done here, from coming before the Court to seek such a determination.

To qualify as the type of marital debt excepted from discharge under § 523(a)(15), the Plaintiff bears the burden of proving three elements: (1) the debt in question is to a spouse, former spouse or child of the debtor; (2) the debt is not a support obligation of the type described in § 523(a)(5); and (3) the obligation was incurred in a separation agreement, divorce decree or other order of a court of record. *In re Williams*, 398 B.R. 464, 468 (Bankr. N.D.Ohio 2008). The Plaintiff has met her burden of proof under each of these elements.

---

2

Prior to the enactment of BAPCPA, § 523(c)(1) provided, " . . . the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section"

BAPCPA amended § 523(c)(1) as to delete the reference to paragraph (15).

Page 4

Lori Holmes v. Toby Glen Holmes
Case No. 08-3113

Under the first element, there is no question that the Parties are former husband and wife. Similarly, as to the third element, there is no substantive dispute that the debt in question was incurred by the Debtor under the Parties' divorce decree. Finally, the Debtor effectively consents to the existence of the second element, that the obligations at issue are not of the type of nondischargeable support obligations set forth in § 523(a)(5). Otherwise, the Debtor would be consenting to the nondischargeability of the debt under § 523(a)(5).

In disputing the Plaintiff's motion for summary judgment, the Debtor set forth that the Plaintiff has also failed to fulfill her obligation under the Parties' divorce decree. For example, the Debtor states that he made payments to the Plaintiff, fulfilling his obligations under the divorce decree, but that the Plaintiff did not apply these funds to debts associated with the marital property.

While not stated directly, the Court construes the Debtor's position to be that he is entitled to an offset. Yet, even if his assertions are true, the issue of whether the Debtor is entitled to an offset is a matter more properly decided by the domestic relations court. Put differently, the only matter before this Court is whether the Debtor's obligation under the Parties' decree of divorce is dischargeable. And for those reasons stated, it is not.

In conclusion, the evidence, even when viewed in a light most favorable to the Debtor, shows that the obligation associated with the Parties' marital property constitutes a debt owed to a former spouse that arose from a divorce decree. For these reasons, the debt meets the necessary elements of § 523(a)(15) and is thus a nondischargeable debt.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Page 5

Lori Holmes v. Toby Glen Holmes
Case No. 08-3113

Accordingly, it is

*ORDERED* that the Motion of the Plaintiff, Lori Holmes, for Summary Judgment, be, and is hereby, GRANTED.

*IT IS FURTHER ORDERED* that any and all debts arising from the divorce decree terminating the Parties' marriage, including any subsequent amendment made thereto, are hereby determined to be NONDISCHARGEABLE DEBTS pursuant to 11 U.S.C. § 523(a)(15).

Dated: February 20, 2009

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 6

# CERTIFICATE OF SERVICE

Copies were mailed this 20th day of February, 2009 to:

Lori Holmes
21220 W SR 51, #17
Genoa, OH 43430

Toby Glen Holmes
524 W. Stone St
Gibsonburg, OH 43431

Sol Zyndorf
2127 Monroe Street
Toledo, OH 43604

Herbert E Adams
714 Court St
Fremont, OH 43420

                                              /s/Diana Hernandez
                                        Deputy Clerk, U.S. Bankruptcy Court